■ In the Matter of VERNA EGGLESTON, as Commissioner of Social Services of the City of New York, Petitioner, v GLORIA N., a Person Alleged to be Incapacitated, Appellant. [865 NYS2d 49]—

Order and judgment (one paper), Supreme Court, New York County (Lottie E. Wilkins, J.), entered June 11, 2008, which, to the extent appealed from, upon reargument of a prior order granting the appointed guardian's motion for additional powers pursuant to Mental Hygiene Law §§ 81.21 and 81.22, adhered to the original determination and granted the guardian the power to place respondent in a skilled nursing facility or residential care facility and the power to cause respondent to be evaluated to determine the suitability or need for admission to a mental hygiene facility, unanimously reversed, on the law and the facts, without costs, and those portions of the order vacated. Appeal from the order, same court and Justice, entered September 21, 2007, unanimously dismissed, without costs, as superseded by the appeal from the later order.

Under the circumstances of this case, it is reasonable to maintain respondent in the community, preferably in her apartment; placing her in a skilled nursing or residential care facility is not the least restrictive form of intervention (see Mental Hygiene Law § 81.22 [a] [9]; Matter of Jospe, 2003 NY Slip Op 50588[U] [2003]). Moreover, since the guardian never sought to place respondent in such a facility and respondent was not given notice or an opportunity to be heard on the issue, the court's sua sponte order granting the guardian that power deprived respondent of her right to due process (see Matter of Rhodanna C.B. [Pamela B.], 36 AD3d 106 [2006]).

Under article 81 of the Mental Hygiene Law, the court lacked the authority to grant the power to cause respondent to be evaluated for admission to a mental hygiene facility (see Mental Hygiene Law § 81.22 [b] [1]; § 9.03; Matter of Farbstein [Beth Israel Med. Ctr.], 163 Misc 2d 26 [1994]). Concur—Lippman, P.J., Gonzalez, Nardelli, Acosta and DeGrasse, JJ.